**NOT FOR PUBLICATION**

FILED
AUG -3, 2009
KT
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

MICHAEL JOHN ROSENFELD and
ZARINA ROSENFELD,

            Debtor.
_____/

BRADLEY MARISCOTTI and
DODY MARISCOTTI,

            Plaintiff,

   vs.

MICHAEL ROSENFELD, individually;
MICHAEL ROSENFELD dba ROSENFELD
CONSTRUCTION; ZARINA ROSENFELD,
individually; ZARINA ROSENFELD dba
ROSENFELD CONSTRUCTION

            Defendant.
_____/

Case No. 08-16700-A-7

Adv. No. 08-1236

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    Trial in this adversary proceeding took place February 26 and 27, 2009. Following the trial, the parties requested the opportunity to file post-trial briefs, and the matter was taken under submission as of March 20, 2009. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(I).

    Bradley Mariscotti and Dody Mariscotti hired Michael and Zarina Rosenfeld, dba Rosenfeld Construction, to remodel their home. Problems arose, and eventually Rosenfeld Construction filed a complaint for damages against the Mariscottis in state court, seeking over

$23,000 in damages. The Mariscottis filed a cross-complaint seeking to recover for work paid for but not performed, the cost of substitute services, and value for converted items, in an amount estimated to be at least $250,000. Before trial in the state court action concluded, the Mariscottis and the Rosenfelds stipulated to a judgment. Following that, the Rosenfelds filed a chapter 7 petition, and the Mariscottis timely filed a complaint to determine nondischargeability. The dischargeability complaint makes claims based on § 523(a)(2)(A) for nondischargeability for fraud and claims under § 523(a)(6) for conversion. At trial of the dischargeability action, the court heard testimony from Dody Mariscotti, Bradley Mariscotti, Roy Freeberg, and Michael Rosenfeld. Numerous exhibits were admitted, as were certain deposition transcripts.

Background Facts.

In 2005, the Mariscottis hired the Rosenfelds to do home improvement on their house at 1106 North Klein, Reedley, California (the "Residence"). The contract provided that the home improvement project would be completed for a flat bid price of $150,000, which was to include all labor, materials, supplies, appliances, hardware, and other items. An initial deposit of $20,000 was paid on or about January 31, 2006. According to the Mariscottis, the parties also agreed that the kitchen remodeling would be completed by March 2006, and the remainder of the project would be completed by August 2006. The Mariscottis agreed to make payments to the Rosenfelds upon receipt of invoices and supporting documentation. It was extremely important to the Mariscottis that the project be completed in a timely manner because they were getting married and combining households and needed the house to be completed so they could move their family into it. Dody Mariscotti knew Michael Rosenfeld because their children had gone to school together and they had gone to church together. Dody Mariscotti specifically told Michael Rosenfeld she only had $150,000 and that everything needed to be included in that price. Dody Mariscotti signed a copy of the plans for the remodel but she did not read the plans.

According to Dody Mariscotti, construction was to start in December of 2005 but did not actually start until January 2006. In her testimony, Dody Mariscotti reiterated numerous times the importance of having the remodel done by no later than April 2006 because that is when they were getting married. The Mariscottis were unhappy because the Rosenfeld Construction

workers were not on their property every day during the remodel project. After initial delays, the Mariscottis expected the project would be done by August but it was not done by August. At one point during the summer of 2006, the Mariscottis went to India, and when they returned they found that items that were to have been completed had not been completed. According to Dody Mariscotti, Mike Rosenfeld was very upset because the items weren't done and they were trying to meet a deadline.

Although the project was not completed by the time the Mariscottis expected it to be completed, work did progress. By May 11, 2006, the breeze way had been enclosed and the closets demolished. A slab had been poured in the backyard, and it had been framed.

Unfortunately, when the slab poured, it rained, and water came in the house. According to Dody Mariscotti, the Rosenfelds were extremely concerned about this. She testified that they came over right away and that Mike Rosenfeld said if there was any damage to the master bedroom carpet, he would replace it. The damage happened because the Rosenfelds had never capped the sprinklers.

Dody Mariscotti kept asking for supporting documents for the invoices from the Rosenfelds, and she never got them. According to Dody Mariscotti, she had asked for a budget for allocations for appliances and were orally told that it was $5,000. Because they went over the $5,000, they put the appliances on their own credit card. In September 2006, the Mariscottis and the Rosenfelds met to discuss the delay on the project and the problems with the project. From this meeting, an agreement resulted that was reflected in a handwritten document, signed by all four. The document stated:

> "I agree to give a completion date of 10/30/06 for a livable home not including front entry area, flooring, or paint in living room. If tile is not in by 9/25/06, for every day that we have to wait for tile for Alan to start, equal amount of time will be added to completion date. Dody is agreeing to pay $20,000 today - balance of $10,000 for last bill in one week and balance of work as billed and agreed."

This document was admitted as Exhibit 20.

Throughout her testimony, Dody Mariscotti alternated between anger at the Rosenfelds for not finishing the project in a timely way and acknowledgment that she thought the Rosenfelds were trying to do a good job. For instance, she testified that the Rosenfelds were happy with the

Mariscottis because they found a good deal on the flooring. She also testified that Mike Rosenfeld wanted the opportunity to finish the job.

In September 2006, some plumbing fixtures and tiles were taken from the Mariscottis' garage. They called the police about this, and a report was filled out. See Exhibit 17. The conversion claim is based on the Mariscottis' claim that Mike Rosenfeld took these materials from the garage. Mike Rosenfeld agreed that he removed the items from the garage. He said that the Mariscottis had not paid for them. Eventually he returned them to the plumbing supply store.

By October 30, 2006, the Mariscottis had paid $130,000 to Rosenfeld. The remodel project was not yet completed. After that, Dody Mariscotti hired other people to finish the job.

In the September 2006 agreement, the defendants promised to provide a livable home by October 30, 2006. The promise was not performed. The parties dispute the reasons why the promise was not performed. In the Rosenfelds' view, they had not been paid for the work that they had completed. In the Mariscottis' view, the Rosenfelds had not completed the work that they had promised to perform.

This all led to the Rosenfelds' recording a mechanic's lien in November 2006 claiming an unpaid amount of $23,017.65, and filing the state court action. The Mariscottis then filed the cross-complaint, and the stipulated judgment ensued.

The terms of the stipulated judgment are important. The stipulated judgment was put on the record in state court. Ms. Anderson, the attorney for the Mariscottis, recited it.

"For the record, your Honor, the parties have agreed to a stipulated judgment with a payment schedule. The Plaintiff/Cross-Defendants will be admitting to the first, second, third, fifth, sixth, seventh causes of action in the Cross-Complaint.

Plaintiffs will - - Cross-Defendants agree that, with respect to the fourth, eighth, and ninth causes of action, pursuant to this agreement, Defendants and Cross-Complainants reserve the right to raise those causes of action in the event a bankruptcy is filed and will be allowed to prosecute a complaint for nondischargeability of debt based on the fraud cause of action and not to be precluded under any theory from not having litigated where we reached an agreement or stipulated agreement on those causes of action.

The judgment amount is $150,000 payable by the Plaintiffs and Cross-Defendants to the Defendants and Cross-Complainants. There will be a down payment of $25,000 to be paid within two weeks of today's date."

The Rosenfelds stipulated to judgment on:

- The first cause of action for breach of contract - oral
- The second cause of action for breach of contract - written
- The third cause of action for breach of covenant of good faith and fair dealing
- The fifth cause of action for negligent misrepresentation
- The sixth cause of action for negligence
- The seventh cause of action for *quantum meruit*.

There was no stipulation with respect to the fourth cause of action for fraud, the eighth cause of action for conversion, or the ninth cause of action for trespass to chattel.

All of the causes of action to which the Rosenfelds stipulated to a judgment on are dischargeable in a chapter 7 bankruptcy case.

The Applicable Law.

Bankruptcy Code § 523(a)(2)(A) excepts from discharge a debt for money to the extent that the debt was obtained by false pretenses, a false representation, or actual fraud. A creditor must establish five elements by a preponderance of the evidence to obtain a determination that a debt is nondischargeable under § 523(a)(2)(A). These elements are:

- 1. Misrepresentation, fraudulent omission, or deceptive conduct by the debtor;
- 2. Knowledge of the falsity or deceptiveness of the statement or conduct;
- 3. An intent to deceive;
- 4. Justifiable reliance by the creditor on the debtor's statement or conduct; and
- 5. Damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

In re Sabban, 384 B.R. 1, 5 (9th Cir. BAP 2008).

The Bankruptcy Appellate Panel in the Sabban case outlined the considerations of which bankruptcy courts must be cognizant in dealing on dischargeability claims under § 523(a)(2)(A). That section "should not be read more broadly than necessary to effectuate policy, e.g., preventing debtors from avoiding debts incurred by fraud or other culpable conduct." Id.. (Citation and internal quotation omitted.)  The limits on dischargeability of debts are to be

5

construed strictly against creditors and in favor of debtors.  <u>Id.</u>  In order to be nondischargeable, the liability must arise from the fraud.

The parties in this case argued about the effect of the stipulated judgment.  The stipulated judgment acts as an admission to the facts necessary to prove the causes of action as to which the parties stipulated.  This does not include any of the causes of action that would give rise to nondischargeability under § 523(a).  Those were expressly reserved.

<u>Conclusion.</u>

This is a story of a home improvement contract that went seriously awry.  The homeowners strongly believe that they did not get the benefit of their bargain, and they are outraged by the results.  On the other hand, the contractors believe that they did the best they could under the circumstances, which included a homeowner who frequently made changes to and additions to the project.  The problem for the plaintiffs is that the facts as elicited at trial do not rise to the level of nondischargeability under either § 523(a)(2)(A) or § 523(a)(6).

The Mariscottis have not met their burden of proof that the Rosenfelds misrepresented their ability to complete and intent to complete the home improvement project.  In fact, the Mariscottis acknowledged that the Rosenfelds had completed similar projects in a capable manner.  Additionally, there is evidence that some of the delay, at least, was caused by the Mariscottis changing their minds about what they wanted.  The photographs of the work performed demonstrate that while the construction was by no means perfect, work <u>was</u> performed, and the remodel <u>did</u> progress.

There simply is no evidence of misrepresentation.  Similarly, there is no evidence that the Rosenfelds intended to deceive the Mariscottis.  Certainly, there was delay.  That does not rise to an intent to deceive.  Dody Mariscotti signed the plans without reading them.  Therefore, the court is unable to find that the Mariscottis justifiably relied.  Finally, because the above elements have not been proven, damage is not a factor.

The conversion claim under § 523(a)(6) arises from the dispute about the materials that were taken and then returned and then taken again from the Mariscottis' garage.  The court finds most credible Michael Rosenfeld's testimony about those items.  Therefore, the Mariscottis

cannot prevail on that claim either.

  For the foregoing reasons, judgment will be entered in favor of defendants. Counsel for defendants shall submit an appropriate form of judgment.

DATED: August 3, 2009.

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
) ss.
COUNTY OF FRESNO )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2500 Tulare St., Ste 2501, ~~2656 U.S. Courthouse, 1130 O Street,~~ Fresno, California, 93721. On August 3, 2009, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Bonnie J. Anderson, Esq.
499 W. Shaw, #116
Fresno, CA 93704

Layne Hayden, Esq.
George Gingo, Esq.
2115 Kern St., #2
Fresno, CA 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on August 3, 2009, at Fresno, California.

_____Kathy Torres_____
Kathy Torres, PLS